**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Charles Thomas Hobbs and Mary Hobbs, Appellants,

v.

Fairway Oaks Homeowners Association, Respondent.

Appellate Case No. 2015-002573

———————

Appeal From Pickens County
Edward W. Miller, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-011
Heard October 4, 2017 – Filed January 10, 2018

———————

**AFFIRMED**

———————

Raymond Talmage Wooten, of Smith, Jordan and
Lavery, PA, of Easley, for Appellants.

John Robert Murphy, Wesley Brian Sawyer, and Elliott
Bishop Daniels, all of Murphy & Grantland, PA, of
Columbia, for Respondent.

———————

**PER CURIAM:** Charles Thomas Hobbs and Mary Hobbs (collectively, Hobbs) appeal a circuit court order granting summary judgment to Fairway Oaks Homeowners Association (Fairway Oaks) for Hobbs's claim that Fairway Oaks was liable for injuries Charles Hobbs sustained when an independent contractor

negligently removed a damaged tree limb in the neighborhood common area. On appeal, Hobbs argues the circuit court erred by holding Fairway Oaks did not owe a nondelegable duty when performing maintenance to its common area.

We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Gary v. Askew*, 417 S.C. 232, 239-40, 789 S.E.2d 94, 98-99 (Ct. App. 2016) ("An appellate court reviews a grant of summary judgment by applying the same standard as the circuit court under Rule 56(c), SCRCP."); *Cherry v. Myers Timber Co.*, 404 S.C. 596, 600, 745 S.E.2d 405, 407 (Ct. App. 2013) ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); *Easterling v. Burger King Corp.*, 416 S.C. 437, 445, 786 S.E.2d 443, 447 (Ct. App. 2016) ("In a negligence case, where the burden of proof is a preponderance of the evidence standard, the non-moving party must only submit a mere scintilla of evidence to withstand a motion for summary judgment." (quoting *Bass v. Gopal, Inc.*, 395 S.C. 129, 134, 716 S.E.2d 910, 912 (2011))); *Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 363 S.C. 385, 390, 611 S.E.2d 235, 238 (2005) ("The general rule is that an employer is not vicariously liable for the negligent acts of an independent contractor."); *Gary*, 417 S.C. at 249, 789 S.E.2d at 103 ("While it is difficult to define the exact circumstances under which a nondelegable duty will be found, a review of case law reveals that our courts' decisions regarding whether to apply the nondelegable duty doctrine are primarily grounded in public policy considerations."); *Rock Hill Tel. Co.*, 363 S.C. at 391, 611 S.E.2d at 238 (reviewing South Carolina's nondelegable duty doctrine and refusing to expand it to include public utilities).

**AFFIRMED.**

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**